IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JOE HAND PROMOTIONS INC            *
PLAINTIFF

VS.                                *     1: 07 CV 702-MEF

JOE PFAU, ET AL.
DEFENDANTS                         *

## ANSWER

    1.  The defendant admits that the cause of action implicates a Federal Statute and jurisdiction is proper pursuant to 28 USC 1331.

    2.  The defendant is without sufficient knowledge to either admit or deny paragraph six (6), paragraph ten (10), paragraph eleven (11), paragraph twelve (12) of the complaint.  Defendant specifically denies paragraph three (3) to the extent that it is predicated upon conduct that the defendant is alleged to have committed.  The defendant denies paragraph five (5) to the extent that it is predicated upon conduct the defendant is alleged to have committed.  The defendant specifically denies the existence of any entity known as MVP Sports Lounge Inc. and shows unto the Court that the proper corporate name is MVP Sports Inc.

    3.  The defendant specifically denies the allegations contained in paragraph thirteen (13) of the complaint the defendant specifically denies any violation of 47 USC Section 605 and specifically denies that the plaintiff has a right of action against the defendant pursuant to said statute.

    4.  The defendant specifically denies the allegations contained in paragraph seventeen (17) the defendant specifically denies allegations contained in paragraph twenty (20) and specifically denies any conduct in violation of 47 USC Section 553 et seq.  The defendant specifically denies paragraph twenty one (21) of the complaint.

    5.  The defendant specifically denies paragraph twenty- two (22) of the complaint and specifically denies that the plaintiff is entitled to any recovery of any damages as articulated in paragraph twenty-two (22) and its subdivisions.

    6.  The defendant specifically denies that an electronic signal is capable of being converted as set out in paragraph twenty-four (24).  The defendant specifically denies that he intercepted any such signal as described in paragraph twenty-four (24).  The defendant specifically denies that any act is malicious or intentional or that any act of the defendant subjected the plaintiff to economic distress or was designed to intentionally harm the plaintiff.  The defendant specifically denies any claim pursuant to paragraph thirty (30) of the complaint or that his conduct was in any way egregious or constituted a conversion of

property. The defendant denies each and every request of the prayer for relief and denies that the plaintiff is entitled to the award of any damages pursuant to the claims made in the civil action filed against the defendant. The defendant denies that the plaintiff is entitled to any attorney's fees pursuant to the third count of the complaint.

      7. The defendant shows the court evidence of wrongdoing has been sought of the plaintiff and plaintiff has failed to provide evidence of wrongdoing. Plaintiff's claims are without foundation, this suit is frivolous and costs should be assessed pursuant to the Alabama Legal Accountability Act, and the defendant should be held harmless from all costs, expenses and attorney fees arising in this civil action.

                                            S/Charles N. Reese
                                            Charles N. Reese, (REE010)
                                            Attorney for Defendant
                                            P.O. Drawer 250
                                            Daleville, AL 36322
                                            Telephone: (334) 598-6321


## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing pleading on Keith Anderson Nelms, Esq. by the electronic filing system this the 22[d] day of August 2007.

                                            S/Charles N. Reese
                                            Charles N. Reese